UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROGER HINSHAW,<br><br>    Plaintiff,<br><br>v.<br><br>TROOPER CHRIS LLOYD and<br>JANE DOE LLOYD, husband and wife,<br><br>    Defendants. | No. CV-07-0103-LRS<br><br>**ORDER GRANTING**<br>**DEFENDANTS' MOTION FOR**<br>**SUMMARY JUDGMENT,**<br>*INTER ALIA* |

**BEFORE THE COURT** are Plaintiff's Motion For Partial Summary Judgment (Ct. Rec. 11), Defendants' Motion To Strike The Declaration Of Jim Patterson (Ct. Rec. 24), Defendants' Motion For Summary Judgment (Ct. Rec. 32), and Plaintiff's Motion For Protective Order (Ct. Rec. 43). All of these motions are heard without oral argument pursuant to LR 7.1(h)(3).

Plaintiff contends he was falsely arrested by Washington State Trooper Chris Lloyd. Pursuant to 42 U.S.C. § 1983, Plaintiff asserts his Fourth Amendment rights were violated. Plaintiff also asserts a common law claim for false arrest.

## I. UNDISPUTED FACTS

On May 4, 2005, Plaintiff, accompanied by his girlfriend, Lona Richard, went to the Sandbar Tavern in Moses Lake, Washington. They drove Plaintiff's vehicle to the tavern. Plaintiff admits that he and Ms. Richard consumed alcohol

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT -1**

before leaving for the tavern. Upon arriving at the tavern, the two of them continued to consume alcohol. Plaintiff was involved in a fight at the tavern. Plaintiff received a head injury during the fight. Following the fight, Plaintiff asked Ms. Richard to drive him home in his vehicle. Ms. Richard proceeded to drive Plaintiff home.

The Moses Lake Police Department received a dispatch of the fight and Trooper Lloyd responded to the dispatch. Ms. Richard drove past the officers who were responding to the report of the fight. The officers observed that Plaintiff was an unbelted passenger and that he had a head injury. Aware of Plaintiff's failure to wear a seat belt and also aware of Plaintiff's head injury while leaving the scene of a reported fight, Trooper Lloyd stopped the vehicle in which the Plaintiff was riding. Based upon the smell of alcohol in the vehicle, Trooper Lloyd initiated field sobriety tests on Ms. Richard whom the trooper reported as having red and watery eyes. Ms. Richard failed to keep her balance while receiving instructions regarding the field sobriety tests. Ms. Richard failed the field sobriety tests and was profane and insulting to Trooper Lloyd.

Plaintiff waited in the vehicle while Ms. Richard was undergoing the field sobriety tests. Plaintiff was quiet and respectful. He chatted with the officers at the scene and declined their offer of an ambulance.

Trooper Lloyd cited Plaintiff for "Aiding and Abetting" a DUI (Driving Under The Influence).

**II. SUMMARY JUDGMENT STANDARD**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.*, 521 F.2d 1129 (9th Cir.), *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469 (1975). Under Fed. R. Civ. P. 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v.*

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT  -2**

*Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986); *Semegen v. Weidner*, 780 F.2d 727, 732 (9th Cir. 1985). Summary judgment is precluded if there exists a genuine dispute over a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248.

The moving party has the initial burden to prove that no genuine issue of material fact exists.. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348 (1986). Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986).

In ruling on a motion for summary judgment, all inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmovant. *Matsushita*, 475 U.S. at 587. Nonetheless, summary judgment is required against a party who fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual disputes regarding other elements of the claim. *Celotex*, 477 U.S. at 322-23.

## III. DISCUSSION

Under the Fourth Amendment, "a seizure occurs when a law enforcement officer, by means of physical force or show of authority, in some way restrains the liberty of a citizen." *United States v. Chan-Jimenez*, 125 F.3d 1324, 1326 (9th Cir. 1997). Under Washington common law, "[a] person is restrained or imprisoned when he is deprived of either liberty of movement or freedom to remain in the place of his lawful choice; and such restraint or imprisonment may be accomplished by physical force alone, or by threat of force, or by conduct reasonably implying that force will be used." *Bender v. Seattle*, 99 Wn.2d 582,

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT -3**

591, 664 P.2d 492 (1983).

Plaintiff makes no claim that Trooper Lloyd's initial stop of the vehicle was without probable cause. Accordingly, the initial restraint upon Plaintiff's liberty was valid. Plaintiff does not cite any evidence that the "stop" should have ended before he was cited for aiding and abetting. Plaintiff recognizes this is the case and hence, argues the trooper's issuance of a citation to the Plaintiff for aiding and abetting a DUI constituted an "arrest." Plaintiff, however, cites no authority for that proposition and conclusorily asserts that "a citation served on someone means you are arrested." To the contrary, mere issuance of a citation is not tantamount to an arrest unless the circumstances and intent of the issuing officer indicate otherwise. *Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986).

Plaintiff asserts that he would have been detained if he had attempted to walk away from the scene, yet in his deposition testimony, he admitted he was physically incapable of leaving the scene due to his injury and cannot say for sure whether he felt as though he was not free to leave the scene. (Hinshaw Dep. at pp. 45-46 and 52-53, Ex. 1 to Ct. Rec. 29). Plaintiff was not taken to jail and booked. According to Trooper Lloyd's report, the Plaintiff was never handcuffed. Plaintiff sat in the back of his patrol car while the trooper completed the paperwork and waited for a tow truck. The vehicle which Ms. Richard was driving was impounded and the trooper then transported the Plaintiff to his home. (Lloyd Report, Ex. 21 to Lloyd Dep., Ex. 2 to Ct. Rec. 29). Plaintiff does not dispute any of this. He acknowledges that Trooper Lloyd offered him a ride home and that he accepted because there was no way for him to drive the vehicle home. (Hinshaw Dep. at p. 38, Ex. 1 to Ct. Rec. 29).

There is no dispute that the initial stop of the vehicle was supported by probable cause and therefore constituted a valid "seizure" or "arrest" as a matter of law. As a matter of law, the citation issued to Plaintiff did not constitute an additional "seizure" or "arrest" after the initial stop. Accordingly, Defendants are

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT -4**

entitled to summary judgment on Plaintiff's claims and it is unnecessary to determine whether there was probable cause to support issuance of the citation.

### IV. CONCLUSION

Plaintiff's Motion For Partial Summary Judgment (Ct. Rec. 11) is **DENIED**. Defendants' Motion For Summary Judgment (Ct. Rec. 32) is **GRANTED** and Defendants are awarded judgment on Plaintiff's claims. Defendant's Motion To Strike The Declaration Of Jim Patterson (Ct. Rec. 24) is **DISMISSED** as moot since the declaration addresses the issue of probable cause. Plaintiff's Motion For Protective Order (Ct. Rec. 43) is **DISMISSED** as being moot with regard to the captioned case, although Plaintiff is entitled to seek such relief in Grant County criminal proceedings which are pending against him.

The District Court Executive is directed to enter judgment in favor of the Defendants, file this Order, provide a copy to counsel for Plaintiffs and the Defendants, and **CLOSE** this file. All pre-trial and trial dates are **STRICKEN**.

**DATED** this   5th   day of December, 2007.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT -5**